# CHARLESTON.

WYATT, ADM'R, *v.* NORRIS.

Submitted February 3, 1909.   Decided January 25, 1910.

1. WILLS—*Construction—Usual Meaning of Words.*
    The words of a will must receive their usual and popular ordinary signification, unless there is something in the context or the subject matter plainly indicating a different use of the terms employed.   (pp. 668, 669).

2. SAME—*Construction—Property Conveyed.*
    A bequest of a grocery store and its business, together with all accounts, claims and debts due and owing to the testator and growing out of the business, does not embrace deposits in bank, when there is nothing in the will clearly indicating that the words used are employed in a sense different from their ordinary acceptation.   (pp. 669, 670).

Appeal from Circuit Court, Cabell County.

Bill by C. R. Wyatt, Administrator of Ellsworth Norris, against George W. Norris, Claude D. Norris, and others. From the decree, defendant Claude D. Norris appeals.

*Affirmed.*

*Campbell, Heffley & Davis,* for appellant.

*Holt & Duncan,* for appellee.

ROBINSON, PRESIDENT:

This suit calls for a construction of the will of Ellsworth Norris, deceased.   The testator was a bachelor.   He owned a considerable estate, all of which he devised and bequeathed to his brothers and sisters, by specific dispositions in the will.   He bequeathed to his brother, Claude D. Norris, a retail grocery store together with all accounts, claims and debts due and owing to the testator and growing out of the business of that grocery.   In two banks were deposits in the individual name of the testator, aggregating more than three thousand dollars, which deposits had arisen wholly from the receipts of the store.   Claude D. Norris contends that this money is signified in the meaning of accounts, claims and debts growing out of the grocery business.   He insists, therefore, that the money passed

to him by the will. His brothers and sisters contend that it passed equally to them and Claude D. Norris under the residuary clause of the will. The circuit court held that the latter contention must prevail, and Claude D. Norris has appealed.

Evidence has been introduced relating to the situation of the parties, to some declarations of the testator, and to other matters. But the language of the will is plain. The intention of the testator is obtainable from that language. The will itself and the surrounding circumstances are not such as to demand an interpretation different from that disclosed by the ordinary meaning of the terms employed. We must look to the will alone.

The particular paragraphs of the will which concern our consideration of the case are the following:

"First: I desire that all my just debts and funeral expenses may be paid.

Second: * * * * Also, I give, devise and bequeath unto my brother Claude D. Norris, my entire stock of groceries and business conducted by me at No. 1033 Third Avenue, in the City of Huntington, West Virginia, together with all accounts, claims and debts due and owing me, growing out of said business to be his absolutely.

Fifth: All the rest and residue of my property, real, personal and mixed, including two vacant lots in the City of Huntington, one situate on Fifth Street and the other in Riverview, I give and devise unto my brothers, Claude D. Norris, George W. Norris, William Norris and Frank Norris, and unto my sisters, Mrs. A. E. York and Mrs. Ella Crank, to be divided equally among them, to be held by them absolutely."

Was it the intention of the testator to give Claude D. Norris the money in the banks? He has not in direct words said so. Then, do the words "all accounts, claims and debts due and owing me, growing out of said business" embrace in their import this money?

The words of a will must receive their usual and ordinary popular signification, unless there is something in the context or the subject matter clearly indicating a different use of the terms employed. Page on Wills, section 471; 1 Redfield on Wills, 438; 30 Amer. & Eng. Enc. of Law, 670. If a testator

uses common words, his intentions should be observed according to the common understanding of those words, unless a contrary meaning is plainly disclosed. *Kennon* v. *McRoberts,* 1 Wash. (Va.) 100; 1 Amer. Dec. 428. In the will before us there is nothing to indicate that the words under consideration were used in any sense that is different from their usual acceptation. Then they should be construed according to their ordinary use in the transactions of mankind. *Parker* v. *Marchant,* 19 Eng. Ch. Rep. 355. These observations lead us to inquire: What is the ordinary understanding of the words "accounts, claims, and debts" as used in this will? To be more specific, and to reach more nearly the case: Do these words ordinarily signify money on deposit in bank? Our answer is that they do not. In common acceptation, money in bank is considered as ready money, not as an account, claim or debt due to the depositor. *Dabney* v. *Cottrell's Ex'r.,* 19 Grat. 572. Lord Lyndurst comments on this fact in *Parker* v. *Marchant, supra,* wherein he says: "Nobody can doubt that, in the ordinary use of language, money at a banker's would be considered as ready money. Everybody speaks of the sum which he has at his banker's as money: 'my money at my banker's', is a usual mode of expression. And if it is money at the banker's, it is emphatically ready money, because it is placed there for the purpose of being ready when occasion requires it: it is received upon the understanding that it shall be so ready." We must presume that Ellsworth Norris thought of his money in the bank as ready money, as men ordinarily do. And he, so thinking of it, in the preparation of his will, thereby excluded it from the meaning of "accounts, claims and debts" as he used those words. When men speak of "accounts, claims and debts" belonging to a mercantile business, or even growing therefrom, they do not ordinarily have in mind, as embraced in those terms, money in bank. They usually have in mind the accounts, claims and debts against customers. They think of the money in bank as a wholly different thing—that which may have come from the business, but which has been separated therefrom. Surely we cannot say that an accumulation of money in bank, growing from a business, still belongs to that business. The business is one thing, the money is a different thing—the result of the business. If one says to you that his store and its business,

including all accounts, claims and debts growing therefrom, are worth five thousand dollars, you do not understand him to include the bank account. You consider it his ready money, the same as that in his pocket. You know that he refers only to the value of the goods in the store and the goods that have been sold but for which payment has not been made.

That Ellsworth Norris did not consider the money in bank as included in the bequest to Claude D. Norris plainly appears from another consideration. Except under the residuary clause, the devises and bequests were in each case specific. He gave a particular property or a stated sum in each instance. It is evident that he intended each beneficiary to have the whole of that which he gave him. Yet we must presume that he knew that there would be costs of administration, and we observe that, in the first paragraph of the will, he directed the payment of debts and funeral expenses. He contemplated the payment of all these things. From what money did he intend them to be paid if not from the money in the banks? It appears that he had no other property which he considered of certain value except that which he had specifically devised or bequeathed. He evidently contemplated the payment of debts, funeral expenses, and other charges from the money in the banks. Thus we know that he did not consider that he bequeathed the money to his brother Claude. The money in the banks, remaining after the payment of the debts and necessary expenses, passed by the fifth paragraph of the will.

The views which we have expressed make it unnecessary to consider the writing by which, it is alleged, Claude D. Norris agreed to a distribution of the money in bank equally among the brothers and sisters. If he did so agree, he did only that which the testator directed in the will.

The decree of the circuit court is plainly right; it will be affirmed.

*Affirmed.*