### In re Estate of J. D. F. Smith.

**WILLS:** Construction—Property Devised. A lawyer's bequest of all his law library and contents of his safe, including his safe, books of account, and promissory notes, did not include money in the bank, evidenced by a bank book in the safe, such bank book not being a book of account.

*Appeal from Cherokee District Court.*—William Hutchinson, Judge.

October 14, 1919.

Action to construe a will. Opinion states the controversy.—*Affirmed.*

*Wm. Mulvaney,* for appellant.

*Herrick & Herrick,* for appellees.

Gaynor, J.—This case involves the proper construction of the codicil to a will.

It appears that, on the 20th day of June, 1908, J. D. F. Smith, an attorney at law at Cherokee, Iowa, made his last will. In the first and second clauses, he provided for the payment of his debts and the costs and expenses incurred in his last sickness, death, and burial. In the third clause, he gave to his son, Claud M. Smith, the sum of $5.00. In the fourth, he devised and bequeathed all the rest and residue of his property to his four daughters. Thereafter, on the 20th day of November, 1917, he made a codicil to this

will, in which, after proper reference to the first will, he said:

"It is my desire and I so direct, that my son, Claud M. Smith, have in addition to the property devised to him in my last will and testament, to which this is my first codicil, all of my law library, and all the contents of my office including the safe used in my office, books of account and promissory notes belonging to me."

It appears that, at the time J. D. F. Smith died, he had on deposit in the First National Bank of Cherokee, Iowa, $1,050; that he had a bank book showing this amount on deposit in the bank; and that this bank book was in the safe in his office, referred to in the codicil. J. D. F. Smith was in the active practice of law at the time the will and codicil were made, and no doubt kept "books of account," in which were recorded dealings with his clients. He was a lawyer of ability and learning, and understood the use of the English language, and there is no doubt that he intended, by this codicil, to pass to his son, who is also a lawyer, all his law library and all the contents of his office, including the safe in the office and these "books of account." There is no question that all "books of account" kept by him in his business passed to his son under this codicil, and there is no claim made to the contrary. The son, however, claims that the words "books of account" included a bank book, showing a deposit of $1,050 in the First National Bank of Cherokee. The only question which we are required to determine is whether or not this money, shown by this bank book to be on deposit in this bank, passed to Claud M. Smith, by reason of the use of the words "books of account" in this codicil. To say that the bank book passed under the designation "books of account," and not money shown by the book to be on deposit in the bank, would not satisfy the contention here made. To satisfy the contention made, we must

hold that the bank book was a "book of account," and
passed to the son, and with it, as an incident, the money in
the bank. No narrow construction should be placed upon
the wording of a will. The words used should be construed
to carry out the evident intention and purpose of the tes-
tator, as manifested by the whole will. The words "books
of account," in their ordinary signification, never are, we
think, understood to include a bank book. The testator,
in using the words "books of account," must have had ref-
erence to those books of account which relate to the busi-
ness in which he was engaged, and the words must be in-
terpreted to mean books showing accounts with his clients.
The purpose and intent of the will was to transfer to his
son the law business in which the testator was then en-
gaged, and the books and other property used in connec-
tion with that business. It would be straining language to
say that one engaged in any business, in assigning his
books of account meant thereby to assign all money on de-
posit in banks, though his right to the money in the bank
was evidenced by a bank book in which deposits were en-
tered by the bank at the time the deposits were made. As
said before, J. D. F. Smith was a lawyer of ability and
learning, and had a good command of the English language.
If he had intended to convey to this son the money in this
bank, how simply and easily the thought might have been
phrased! He could simply have said, "together with all
moneys on deposit in any bank or in any particular bank."
It will be noted that he had four daughters and one son;
that, in his original will, he gave to the son but $5.00 *in
money;* and that the codicil recites that the bequest there-
in made is in addition to that made in the original will.
The bequest then is, when the original will and codicil are
read together:

"I give and bequeath to my son, Claud M. Smith, the
sum of $5.00, and all of my law library and all the con-

tents of my office, including the safe used in my office, books of account and promissory notes belonging to me."

Reading them both together, the money bequest was limited to $5.00. It he had intended to give him more than $5.00 in money, the codicil would have said so. The words "books of account," therefore, could not have been intended to mean a sum of money deposited in the bank, in addition to the $5.00 originally bequeathed him. To hold that the bank book was included in the words "books of account" would be useless, unless it is further construed to mean that, by the words "books of account," he intended to give the defendant the further sum of $1,050 on deposit in the bank. The intent of the testator is controlling. The language used must be construed as a whole, and must be so construed as to make effectual the evident intent and purpose of the testator. If he had intended to give to his son this $1,050 on deposit in the bank, in addition to the $5.00 originally bequeathed him in the will, his purpose could easily have been made manifest, and not left to speculation or conjecture. Taking the will as a whole, we think that the thought of the testator, in the use of the words "books of account," was not to include money in the bank, though evidenced by a bank book.

We have no cases to cite directly in support of what we have said, but, as bearing upon the question we have discussed, see *Wyatt v. Norris,* 66 W. Va. 667 (66 S. E. 1016); *Koss v. Kastelberg,* 98 Va. 278 (36 S. E. 377); *Abbott v. Kerrigan,* 1 Cal. App. 524 (82 Pac. 549).

Our conclusion is that the court did not err in holding that the money in the bank did not pass, under the codicil in the will, to Claud M. Smith, and the case is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.