A. T. EAKIN v. THE CITIZENS' STATE BANK OF NESS CITY.

No. 13,212. (72 Pac. 874.)

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Bank Check Held a Bill of Exchange*. A bank check is a bill of exchange within the meaning of section 548 of the General Statutes of 1901, providing that an acceptance of a bill of exchange written on paper other than the bill "shall not bind the acceptor, except in favor of a person to whom such acceptance shall have been shown, and who, in faith thereof, shall have received the bill for a valuable consideration."

Error from Ness district court; CHARLES E. LOBDELL, judge. Opinion filed June 6, 1903. Affirmed.

*Albert H. Wilson*, for plaintiff in error.

*N. H. Stidger*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: A. T. Eakin sued the Citizens' State Bank of Ness City on its promise, by a telegram dated September 21, 1901, to pay a check on it for $130, given him by Howder & Hall on June 3, 1901. The district court sustained a demurrer to the petition, on the ground that under the provisions of section 548 of the General Statutes of 1901 such an action would not lie except in favor of one who received the check for a valuable consideration on the faith of the acceptance. This section and the one preceding it, to which it makes reference, read as follows:

"§ 547. No person within this state shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent.

"§ 548.  If such acceptance be written on paper other than the bill, it shall not bind the acceptor, except in favor of a person to whom such acceptance shall have been shown, and who, in faith thereof, shall have received the bill for a valuable consideration."

It was not claimed in the petition that the plaintiff received the check on the faith of the acceptance.  In fact, it was distinctly alleged that he received it before the acceptance was made.  Therefore the statute quoted applies, and is fatal to plaintiff's action, if a bank check is to be deemed a bill within the meaning of the statute.

Plaintiff in error cites many authorities to the effect that a bank check is not a bill of exchange.  There are certainly differences to be noted between a bank check and an ordinary bill of exchange.  It is not important to inquire whether these differences are such as, for general purposes, to require classifying the former as a separate kind of instrument from the latter, rather than as a special form of it.  We are here concerned only with the question whether the term "bill of exchange," as used in this statute, is intended to include a bank check.  A legislative interpretation of long standing argues for an affirmative answer.  The sections quoted were parts of chapter 20 of the Statutes of 1859.  Section 4 of that act originally read: "That all bonds, notes or bills of exchange, made negotiable by this act, shall be entitled to three days of grace in the time of payment."  This section in the General Statutes of 1868, chapter 14, section 4, shows an amendment by the addition of the words "except bank checks" after the words "bills of exchange," and this amendment has remained to the present time.  This clearly shows that at the time of the amendment the legislature gave the

statute the meaning contended for by defendant in error.

The precise question was decided in *Risley v. Phenix Bank of City of New York*, 83 N. Y. 318, 324, 38 Am. Rep. 421, although the language involved was that of section 547 above quoted, instead of section 548. In the opinion it was said: "The check was a bill of exchange, within the statute that no person shall be charged as an acceptor of a bill of exchange, unless his acceptance shall be in writing." This decision has almost controlling force, since the Kansas statute seems to have been borrowed from New York, through Missouri, and while this decision was rendered in 1881 it was based upon earlier decisions that a check is a bill of exchange (not referring to this statute, however), rendered before the adoption of the statute by Missouri. We follow this authority, and hold that a bank check is a bill of exchange within the meaning of the statute cited.

The judgment of the district court is affirmed.

All the Justices concurring.