### 18624.   McMILLAN *v.* CITIZENS AND SOUTHERN NATIONAL BANK.

Where a check has not been certified or accepted in writing by the bank upon which it was drawn, the bank is not liable thereon to the holder. The letter written by the bank to the holder of the check sued on in this case did not constitute an acceptance of the check.

DECIDED MARCH 7, 1928.

Complaint; from Fulton superior court—Judge Howard. October 19, 1927.

C. L. McMillan sued the Citizens & Southern National Bank. His petition (formal and immaterial parts omitted) was as follows:

(3)   On July 12, 1926, Georgia State Bank, through its branch office at Cordele, Georgia, executed a check or draft payable to the order of the plaintiff, in the sum of $3559.66, drawn on and against the defendant at its office in Atlanta, Georgia, and signed by C. C. Shearer, cashier of the said Georgia State Bank.

A copy of said check or draft is attached to the petition as exhibit A. (4) On the said July 12, 1926, the plaintiff, by letter and due course of mail, transmitted said check or draft to the defendant at Atlanta, Georgia, and in said letter directed that the check be deposited as follows: $2376.52 to the credit of his personal account, and $1183.14 to the credit of McMillan Gin Company; and requested the defendant to mail to him duplicate deposit slips, together with check-books, as shown by his letter of said date; a copy of which letter is attached to the petition exhibit B. (5) Said letter was duly received by the defendant in Atlanta, Georgia, and in response the defendant on July 13, 1926, wrote and sent to the plaintiff a letter by due course of mail, acknowledging receipt of said check or draft, accepting the same, and agreeing to follow his directions as to the depositing of said money. Copy of said letter is attached to the petition as exhibit C. (6) On July 14, 1926, the defendant, from its office in Atlanta, Georgia, telegraphed the plaintiff at Cordele, Georgia, stating that it was returning check to plaintiff, on account of Georgia State Bank, Cordele, being closed. A copy of said telegram is attached to the petition as exhibit D. (7) Plaintiff is informed and believes, and so charges, that at the time the said check or draft was received by the defendant at its office in Atlanta, Georgia, it had in its hands more than sufficient assets of the Georgia State Bank to pay said draft or check, and that the defendant accepted the said check or draft, and by its letter of July 13, 1926, to the plaintiff, acknowledged its acceptance of the said check or draft, and that the defendant is liable to the plaintiff for the payment of said check or draft. (8) The said Georgia State Bank is now insolvent and in the hands of the State Banking Department of Georgia. Wherefore plaintiff prays that he may have judgment against the defendant for the sum of $3559.66, together with interest thereon from July 13, 1926, to date of trial, at the rate of seven per cent. per annum.

Exhibit A: "GEORGIA STATE BANK. No. 2665.

"Cordele, Ga., July 12, 1926. Original (duplicate unpaid).

"Pay to the order of C. L. McMillan $3559.66 thirty-five hundred fifty-nine dollars sixty-six cents. C. C. Shearer, A. Cashier.

"To Citizens & Southern Bank, Atlanta, Ga.

"Indorsement: C. L. McMillan."

Exhibit B: "Cordele, Ga., July 12, 1926.

"Citizens & Southern Bank, Atlanta, Ga.

"Gentlemen: I enclose herewith check for $3559.66. Please place of this amount $2376.52 to the personal credit of C. L. McMillan, Cordele, Ga. Please place of this amount $1183.14 to the credit of McMillan Gin Co., Cordele, Ga. Total $3559.66. Please mail to me duplicate deposit slips, together with two check-books to-morrow, and greatly oblige,

"Yours truly, [Signed] C. L. McMillan. [Signed] Mc-Millan Gin Co., by C. L. McMillan."

Exhibit C: "The Citizens and Southern Bank. Atlanta, Ga., July 13, 1926.

"Mr. C. L. McMillan, Cordele, Ga.

"Dear Sir: I wish to acknowledge receipt of yours of the 12th instant, enclosing check for the Georgia State Bank, Cordele, drawn on us for $3,559.66, to be placed to the following accounts: C. L. McMillan, $2,376.52; McMillan Gin Co., $1,183.14. We are to-day entering this check for collection, and as soon as same has been paid, we will immediately credit your account and advise you.

"Yours very truly, C. E. Tillman, Assistant Cashier."

Exhibit D: Telegram received at Atlanta, Ga. "932A Jul. 14, 1926.

"C. L. McMillan, Cordele, Ga. Returning check Georgia State Cordele your letter twelfth bank closed.

"Citizens & Southern Bank, Atlanta."

The defendant filed a general demurrer, which was sustained by the court, and the plaintiff excepted.

*George & John L. Westmoreland,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) The petition, properly construed, bases the right to recover upon an alleged express acceptance by the defendant of the check or draft, as shown by its letter attached to the petition as exhibit C. The theory of recovery (argued in the brief of counsel for the plaintiff in error) upon the ground that the defendant bank was the collecting agent for the plaintiff, and that it is liable for a breach of its duties as such agent, is not set forth in the petition, and can not be considered by this court. It clearly appears from the

language of the defendant's letter (exhibit C) that the check or draft drawn upon it was not accepted. The letter stated merely that when the draft was paid by the drawer bank the amount thereof would be credited as directed by the plaintiff. It is well settled that a bank upon which a check is drawn is not liable to the holder thereof unless it has accepted or certified the check. The fact that the drawer bank may possess sufficient funds of the drawer to pay the check is immaterial. Negotiable Instruments Law (Ga. L. 1924, pp. 126, 163), sec. 189; 7 C. J. 698, Banks & Banking, § 426. Furthermore, even if the letter in question could possibly be construed as an acceptance, it was written on a paper other than the check, and was not written until after the plaintiff received the check. An acceptance written on a paper other than the bill itself does not bind the acceptor except in favor of one to whom it is shown and who, on the faith thereof, receives the bill for value. Negotiable Instruments Law, supra, sec. 134; Citizens Bank v. Willing, 109 Wash. 464 (186 Pac. 1072); Jones v. Crumpler, 119 Va. 143 (89 S. E. 232); Eakin v. Citizens State Bank (Kan.), 72 Pac. 874. The court did not err in dismissing the petition upon demurrer.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*