# Wytheville.

## Koss and Others v. Kastelberg and Others.

### June 14, 1900.

1. Choses in Action—*Balance in Bank.*—A balance in bank to the credit of a depositor is, strictly speaking, a chose in action. It is often treated, however, as ready money, and whether it is to be treated as one or the other depends upon the circumstances of the particular case.

2. Wills—*Case in Judgment—Choses in Action—Balance in Bank—Doubtful Construction—Equality.*—A testator bequeathed "all horses, harness, wagons, machinery, and all other personal property used in my butchering business, including all choses in action," to his four sons. There was due to him by open accounts in his "butchering business" about $1,000, and he had to his credit in bank, in the name of "R. Kastelberg's Sons," about $4,000, but it was his individual money. There was evidence tending to show that the account was opened in connection with and for the convenience of the business, but there was also evidence showing that the account was resorted to in connection with the general business of the testator; that accounts were paid out of it in nowise connected with his business as butcher, and that it was not at all necessary for the conduct of that business.

*Held:* The $4,000 does not pass to the sons as a chose in action used in the "butchering business" of the testator, but to all of his children, who appear to have been equally the objects of his bounty. The rule that equality is equity is not without force in a case of doubtful construction.

Appeal from a decree of the Circuit Court of Henrico county, pronounced August 4, 1898, in a suit in chancery, wherein the appellee, Rudolph L. Kastelberg, was the complainant, and the appellants and others were the defendants.

*Reversed.*

Note by the Reporter.—Judge Riely was not present when this opinion was delivered, but was present at the argument, participated in the conference, and concurred in the opinion after it was prepared.

The object of this suit was to have partition of the testator's estate in accordance with the fourth clause of his will. The testator was, at the time of his death, conducting the business of a butcher, in which he had been engaged for some years previous thereto. This business was conducted in his own name, and the designation of the account, " R. Kastelberg's Sons," did not indicate any particular business conducted under that style. The other facts sufficiently appear in the opinion of the court.

*B. T. Barrett* and *J. R. V. Daniel,* for the appellants.

*L. O. Wendenburg* and *Anderson & Anderson,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed in the Circuit Court of Henrico county to have the will of Rudolph Kastelberg construed. The third and fourth clauses of the will are as follows:

" Third. I give and bequeath unto my four sons, R. L. Kastelberg, Jos. F. Kastelberg, Chas. H. Kastelberg and William Kastelberg, all my horses, harness, wagons, machinery, and all other personal property used in my butchering business, including all choses in action, to be held by them jointly, and in fee simple.

" Fourth. I give, devise and bequeath unto my beloved wife, Lena Kastelberg, and all our children, all my real estate, as well as any other property not heretofore bequeathed, to be held by them jointly and in fee simple, the share of my said wife being the same as the share of each child; and should any child die before I do, leaving children, then the share of such child shall descend to his or her children *per stirpes,* and should my wife fail, for any reason to receive or collect the policy of insurance, taken out on my life for her benefit in the Mutual Life Insurance

Company of New York, then she shall receive her dower interest in my real estate in lieu of the provision made in this clause of my will for her benefit."

The testator had conducted the business of a butcher in the city of Richmond, and at the time of his death, as appears by the report of the commissioner, was possessed of the following personal property: Certain rents that were due him, a balance on deposit in the State Bank of Virginia, cash in safe deposit box of the First National Bank of Virginia, stock in the United Banking and Building Fund Association, balance in bank to the credit of R. Kastelberg's Sons, but which it is admitted belonged to the testator; certain farm stock and farm implements mentioned in the report, and debts by open account from his customers, which amounted to about $1,000.

The commissioner was further directed to report the interest of the parties in this cause in the personal estate. In order to do so, it became necessary to construe the clauses of the will already quoted, and he was of opinion, and so reported, that the third clause passed to the four sons of the testator, the horses, harness, wagons, and machinery used in the butchering business, and accounts due to that business by customers, but did not carry the balances in bank, and other choses in action.

To this report the executors of Kastelberg filed four exceptions, all of which were overruled except the second, which is as follows:

" Because he reports that the $3,973.61 in the First National Bank to the credit of R. Kastelberg's Sons does not pass under the third clause of the will to R. Kastelberg's four sons, but to his estate."

We are of opinion that this exception should not have been sustained. While the account stood in the name of Kastelberg's

Sons, the commissioner found, and in this respect the report is not controverted, that this sum belonged to Rudolph Kastelberg, deceased, and passed under his will. It is claimed that it is embraced in the third clause because it is a chose in action. A balance in bank to the credit of a depositor is, strictly speaking, a chose in action. It is often treated, however, as ready money, and whether it is to be regarded in a particular case as the one or the other will depend upon all the surrounding circumstances, and the conclusion reached will be in accordance with the cardinal rule of construction which requires courts to ascertain from the will the true intent of the testator, and, if possible, give effect to it.

The third clause bequeaths to his four sons "all horses, harness, wagons, machinery, and all other personal property used in my butchering business, including all choses in action." Those who claim a balance in bank by virtue of the third clause must show not only that it constitutes a chose in action, but that it was used in connection with the butchering business, for it is not every chose in action of which the testator died possessed which passes under this clause, but only such choses in action as comply with the other term of the description, and are shown to have been used in the business conducted by the testator. This seems to be conceded by appellees. The term "chose in action" is sufficiently broad to embrace all the items of property set out in the report of the commissioner except the farm stock and farm implements, which were of little value, yet the appellees only excepted to so much of the report as pertains to the balance of $3,973.61 standing in the name of Kastelberg's Sons, $2,571.54 on deposit in the State Bank of Virginia, stock in the United Banking and Building Fund Association, amounting to $820.75, and interposed no exception to the amount of cash in safe deposit box in the First National Bank of Virginia, amounting to $4,000. It is very clear from the decree of the Circuit Court, read in connection with the pleadings, the report,

and the exceptions thereto, that the learned judge had the same view with respect to the proper construction of the third clause of the will which we entertain, that is to say, that only such choses in action passed under it as were used in connection with the business of the testator.

In sustaining the appellees' second exception to the commissioner's report, the Circuit Court seems to have been controlled by the fact that the testator had opened an account with the First National Bank of Virginia in the name of R. Kastelberg's Sons, and was further of opinion that the evidence was sufficient to show that it was opened for the convenience of, and used in connection with, the business, and the evidence, without doubt, lends a good deal of force to that view. Upon the whole record, however, we do not find it conclusive. It appears that that account was resorted to in connection with the general business of the testator; that accounts were paid out of it in nowise connected with his business as butcher; and that it was not at all necessary to the conduct of that business, which was an established and profitable one. When we find that there were other motives for opening this account, growing out of his visit to Europe, then in contemplation; that there was other personal property and choses in action which fully answered all the requirements of the third clause of the will, that is to say, the accounts due by customers to his business as butcher, we are satisfied that the testator did not intend that this item should pass to his four sons, but that it should be distributable among all of his children.

There is another consideration which is entitled to some weight. All of the testator's children were, it is to be presumed, the equal objects of his care, affection, and bounty. Equity delights in equality, and while it will do no violence to language, or wrest words from their natural meaning to accomplish that result, it will not be without force in a case of doubtful construction.

We are of opinion that the Circuit Court erred in sustaining the exception to the commissioner's report, and its decree is, therefore, reversed.

*Reversed.*