### 10482

### SHERER-GILLETT CO. v. MOORE-BARNES CO.

#### (103 S. E. 766.)

1. CHATTEL MORTGAGES—SELLER, WHO TOOK BACK MORTGAGE, COULD NEVERTHELESS SUE FOR PRICE.—Though the contract of sale between plaintiff and defendant constituted a mortgage to plaintiff of the goods sold by it, plaintiff could nevertheless sue defendant purchaser on account for the goods sold and delivered, without reference to its remedy of a mortgage lien.

2. SALES—TROVER AND CONVERSION—SELLER, TAKING POSSESSION OF GOODS REFUSED BY BUYER, DOES NOT CONVERT THEM; "CONVERSION."—A "conversion" is the unlawful exercise of dominion over the property of another, and is not committed by the seller of goods, which, when the buyer declined to receive them on the ground shipment had been unduly delayed, takes possession of the goods to save their loss from demurrage.

Before BOWMAN, J., Hampton, October term, 1919. Reversed.

Action by Sherer-Gillett Co. against Moore-Barnes Co. on account.    From order granting a new trial after verdict for plaintiff, the plaintiff appeals.

*Mr. J. A. Mace,* for appellant, cites: *Motion for new trial did not come within provisions of section 324 Code Proc, and should not have been granted.*

*Mr. W. D. Connor,* for respondent, cites: *Instrument sued on was a chattel mortgage:* 19 S. E. 132; 74 S. C. 450; 20 S. E. 759; 93 S. C. 99; 67 S. E. 488 (N. C.). *Sale of property under chattel mortgage regulated:* 1 Civ. Code 1912, sec. 4105. *In case of conversion if value of property exceed debt overplus must be paid to mortgagor; and if a deficiency arise, no further demand can be made on mortgagor:* 94 S. E. 1054.

July 26, 1920.

. The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff had a verdict against the defendant for $443.50, the purchase price of goods sold. The Court set the verdict aside: (1) Because the contract of sale constituted the plaintiff a mortgagee, and that the plaintiff's consequent remedy was not to keep the property and sue for the price, but to sell the property and sue the defendant for any deficiency; (2) because the circumstances of the taking of the property by the plaintiff constituted the act a conversion, and we add warrants the presumptive inference that the conversion satisfied the debt.

The nine exceptions in one form or another challenge the soundness of these two postulates. Granting that the contract betwixt the parties constituted a mortgage to the plaintiff of the goods sold, yet there is no room to hold that a mortgagee may not do that which was done in the instant case; that is, sue the purchaser on account for goods sold and delivered, without reference to the remedy of a mortgage lien. It was error to hold the contrary.

The second postulate of the Court is equally unsound. There was no conversion of the property by the plaintiff; a conversion is the unlawful exercise of dominion over the property of another. The testimony does not disclose any such conduct on the plaintiff's part. On the other hand, it shows that the plaintiff acted for the benefit of both parties. The defendant declined to receive the goods upon the ground that the shipment had been unduly delayed. The verdict of the jury concluded that issue against the defendant. Pending the trial of that issue, the plaintiff in effect took hold of the goods to save the loss of them from demurrage charges at the hands of the carrier.

There was no warrant to set aside the verdict for the reasons assigned by the Court, and the order to that end is reversed, with leave to the plaintiff to enter judgment on the verdict.