# Richmond

W. R. Williams, et al. v. Dickenson County Bank, Inc., et al.

April 8, 1940.

Record No. 2170.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the appellants.

*Roland E. Chase,* for the appellees.

GREGORY, J., delivered the opinion of the court.

A lien creditors' suit was instituted against Draton Hill and others to subject certain lands to the satisfaction of obligations due by the landowners. The lands were regularly sold to one George Davis by the court through its special commissioner, G. Mark French, who collected on March 19, 1931, the entire purchase price of $1,375 and deposited it in the Dickenson County Bank, Inc., to his credit as special commissioner. The details of this transaction were as follows: Davis, the purchaser, had a time certificate of deposit in the defendant bank for $2,000, and the president of the bank, W. W. Pressley, agreed to give Davis a new time certificate for $600 and release $1,400 to his checking account, from which he could pay the purchase price. Davis then gave G. Mark French, special commissioner, his check for $1,375, which French deposited to his account in the defendant bank. That these details were significant will appear later.

On March 27, 1931, just eight days after the deposit was made and before any of the $1,375 had been drawn out, the bank was placed in the hands of a receiver. It is estimated now that there will be a dividend to general depositors of only ten per cent.

The purchase price of $1,375 was sufficient to pay the lien creditors and leave a substantial balance for Draton

Hill. The appellants are Dr. W. R. Williams, in his own right and as assignee of Dr. J. C. Sutherland, and Draton Hill. They were among the beneficiaries of the fund, and filed their petition in the pending receivership cause, the purpose of which was to wind up the affairs of the Dickenson County Bank, Inc. The petitioners asked that the court declare the $1,375 a trust fund or a special deposit. They also asked that they be granted priority in the distribution of the assets of the bank. The court below, after due consideration, declined to grant the prayer of the petition and dismissed it. From the decree carrying into effect that decision the present appeal was allowed.

The assignment of error is directed to the failure of the court to impress the assets of the bank with a trust in favor of the appellants. The appellants found their claim to a preference upon the alleged ground that the bank accepted the deposit when it was hopelessly insolvent and that the insolvency must of necessity have been known to the officers of the bank.

The appellants also assert that the officers of the bank knew that G. Mark French, special commissioner, turned the $1,375 over to the bank to be held by it as a mere custodian pending certain litigation and that it was intended to be disbursed to certain designated creditors whose debts had been scheduled and approved in the suit, and among whom were the appellants. In other words, it was claimed that the $1,375 was a special deposit and entitled to a preference.

When the officers of an insolvent bank, with knowledge of the insolvency, receive from one of its customers a deposit, they are guilty of fraud and the bank becomes a constructive trustee of the deposit. The depositor may recover the deposit, if it can be identified, or, if it cannot be identified, he may recover its equivalent. *Pennington* v. *Third National Bank*, 114 Va. 674, 77 S. E. 455, 45 L. R. A. (N. S.) 781; *First National Bank* v. *Commercial Bank & Trust Co.*, 163 Va. 162, 175 S. E. 775.

Did the officers of the Dickenson Bank, Inc., have knowledge of the bank's insolvency when it received the deposit from G. Mark French, the special commissioner? The appellants rely entirely upon one circumstance to sustain their charge of knowledge on the part of the officers. That circumstance was that eight days after the bank received the deposit it was closed and placed in the hands of a receiver and was so hopelessly insolvent that it is not likely to pay more than ten per cent to its general depositors. It is argued that a bank so insolvent just eight days after the deposit was made must have been insolvent when it received the deposit and that this fact was bound to have been known to the officers when they accepted the deposit.

The depositions of the witnesses, including officers and directors of the bank, disclose that they had no actual knowledge of the bank's insolvency. There is no testimony which establishes that they knew of its imminent failure. The witnesses testified that they thought the condition of the bank was improving.

The trial court after a consideration of the evidence found that no fraud was committed by the officers of the bank in receiving the deposit and in our opinion that finding is amply supported by the evidence.

It is earnestly contended by appellants that the funds deposited by G. Mark French, special commissioner, constituted a special deposit, and must hence be returned to him in full for their benefit.

A special deposit is one in which the ownership does not pass from the depositor to the bank. It is closely akin to a bailment, and must be distinguished from a general deposit. The latter, when made, leaves the depositor with only a claim to an amount equivalent to the deposit, the actual funds deposited having become the property of the bank, to be used as the bank sees fit. It is in this transaction of general deposit that the familiar relationship of debtor-creditor arises between bank and depositor.

In the absence of a clear agreement to the contrary, expressed or implied, a deposit is presumed to be a general

deposit. This is true even though the depositor styles himself a fiduciary and the funds are credited to a separate fiduciary account. It is true even though the funds are known by the bank to be trust funds, and is likewise true even if the funds are to be used for a particular purpose, so long as the depositor assents to their being commingled with the general funds of the bank.

In order to overcome this presumption, evidence must be adduced that the depositor and the bank were agreed that the bank was to have no right to use the funds but should hold them for specific repayment to the depositor or to those whom he should designate. *United States Fidelity & Guaranty Co.* v. *Carter,* 161 Va. 381, 170 S. E. 764, 90 A. L. R. 191; *Board of Supervisors* v. *Prince Edward-Lunenburg County Bank,* 138 Va. 333, 121 S. E. 903, 37 A. L. R. 604; 7 Am. Jur. Banks, sections 418; 419; 9 C. J. S., Banks & Banking, section 274.

All the evidence with reference to the banking transaction in question points clearly to the fact that Pressley, the president of the bank, wanted the money left in the bank so as to be available for general banking purposes. It had been so available when represented by Davis's time certificate, and the whole upshot of the dealings between Pressley, Davis, and French was that the funds should merely be shifted from one depositor (Davis) to another (French). The funds represented by the time certificate could be withdrawn only on thirty days' notice, and it appears that Pressley was willing immediately to release part of this certificate only if the funds so released should be paid over to French and by him deposited in the bank. Hence there was no conceivable intention to earmark these funds and retire them from active use. Pressley's uncontroverted testimony was that "we would use it like any other deposit until he (French) called for it." French testified that Pressley agreed to the transaction on condition that he (French) would "help them by letting it lay in the Dickenson County Bank," and further that "the bank would ap-

preciate it." Here there is a well-expressed intention that the deposit should become part of the general funds of the bank, and it is clear that the relationship entered into was that of debtor and creditor.

The action of the court below in dismissing appellants' petition was correct, and its decree is here affirmed.

*Affirmed.*