355 P.2d 210

MOFFAT COUNTY STATE BANK, a Colorado corporation, Plaintiff and Respondent,

v.

R. J. PINDER, Defendant and Appellant.

No. 9166.

Supreme Court of Utah.

Sept. 9, 1960.

9. Sec. 73-1-6, Utah Code Annotated 1953.
10. Joseph v. W. H. Groves Latter-Day Saints Hospital, 10 Utah 2d 94, 348 P.2d 935.

Irving H. Biele, Salt Lake City, for appellant.

Charles Welch, Victor A. Spencer, Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant, R. J. Pinder, appeals from a summary judgment awarding plaintiff, The Moffat County State Bank of Craig, Colorado, a judgment for $2,216.03 as the holder in due course of a check for that amount made by Pinder to Bill Arnn. The check was dated October 12, 1956. It was drawn on the Midvale Branch Bank of Sandy, Utah. On October 15, 1956, Arnn endorsed the check in Craig, Colorado, and deposited it with the plaintiff bank in that city.

The deposit slip contains the following provisions: "This bank acts only as depositor's collecting agent and assumes no responsibility beyond its exercise of due care. * * * This bank may charge back at any time any item drawn on this bank which is ascertained to be drawn against insufficient funds or otherwise not good or payable. * * *" The consideration for the check failed, and in accordance with Pinder's directions, the Sandy bank refused payment on October 20, 1956, and the Moffat County received notice of such refusal on October 22, 1956.

Notwithstanding the provisions of the deposit slip, the Colorado bank extended Bill Arnn credit for the full amount of the check, and between the date of the deposit and notice of dishonor, that bank actually paid on checks made by Arnn $2,216.03 against the credit resulting from the deposit of this $2,500 check.

Appellant Pinder contends that the laws of Utah and Colorado on this subject are different, and that the Utah law under the facts of this case is controlling. He claims that under the Western Creamery Company v. Malia [2] case, the Colorado bank took this check for collection only and not as a holder in due course and therefore he is not liable.

2.  89 Utah 422; 57 P.2d 743, 744.

The Colorado case of Bromfield v. Cochran, 86 Colo. 486, 283 P. 45, 68 A.L.R. 722, holds that although the deposit slip, the same as in this case, provides that the depository bank may act as a collection agent for the depositor, still since the bank extended immediate credit on the check to the depositor without waiting to see if the check was good, thus indicating an intention to transfer it to the bank as a holder in due course and not as a mere collection agent, such intention was controlling and the maker's liability to such holder in due course was established to the extent that the bank made payment to the depositor in reliance on the transfer of it of such check. Except that in this case some of the events occurred or were to take place in Utah, the Bromfield case is not distinguishable from this case. So unless the Utah law on this subject is controlling and is different from the Colorado law, the defendant is liable to the Colorado bank as a holder in due course for the money paid out on this check without notice of failure of consideration.

The opinion in the Bromfield case states (quoting from 283 P. at pages 46 and 47):

"From the foregoing it is apparent that the sole question for determination of this court is: Was the Broadway Bank the owner of said check or merely an agent of the depositors for collection? If title to the check passed to the bank, it should recover, otherwise not.

"We have held that, where a check is drawn on one bank and unconditionally deposited in another, the latter becomes merely an agent of the depositor, and title does not pass to said bank; and further that, under such circumstances, if the bank of deposit extends credit and permits the depositor to withdraw the amount of the check, the bank becomes the owner thereof * * *.

*       *       *       *       *       *

"Applying these principles to the instant case, we must necessarily hold that the intention of the parties is controlling; that, pursuant to the provisions of the deposit slip, plaintiff bank, at the time of deposit, was merely an agent to collect; that, when it credited the amount of said check to the payee's account, and thereupon paid to them $652.41 on account thereof, it thereby elected not to exercise the right to decline payment thereof as provided by the terms of said deposit slip; and that the payment so made and the receipt thereof by the depositor evidenced an intention of the parties that a sale of said check be consummated, and the bank thereby became the owner of said check."

The facts in the Western Creamery case relied on by Pinder are distinguishable from

the facts in this case. There, on July 1, 1932, the creamery company drew a check on a Salt Lake City bank payable to the creamery company with the endorsement "For deposit only," which it mailed to the Tremonton Banking Company. The check was received by the banking company on July 2, 1932, and credited to the creamery company's account. The Tremonton bank being insolvent was never opened again for business, and its affairs were wound up by the State Department of Banking. There we held that this check was deposited with the Tremonton bank for collection only, that it did not become a holder in due course, and that the creamery company became a preferred creditor of the funds which it represented. In support of this holding, we cited the Bromfield case from Colorado with approval, but reached a contrary result on the ground that the evidence showed a contrary intention of the parties to the effect that the Tremonton bank took the check for deposit only and for collection only and not as a holder in due course.

From the foregoing we conclude that there is no conflict between the laws of this state and the state of Colorado on this subject, and under the facts of this case both in the state of Colorado and in the state of Utah, the Colorado bank became a holder in due course of this check and is entitled to recover the amount which it paid out in reliance on this check without notice.

The defendant further contends that the check was not protested as required by Sec. 44–2–27 U.C.A. 1953, and therefore plaintiff is not entitled to recover. That section only pertains to bills that appear as foreign bills on their face, and it specifically states that protest of dishonor is unnecessary if a bill as in this case does not appear on its face to be a foreign bill. So this contention is without merit.

We conclude that the banking company is a bona fide holder for value in due course, and as such it is entitled to recover the amount of money which it paid in reliance upon the deposit of this check before it had notice of dishonor.

The judgment of the trial court is affirmed, with costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.