19758

CONWED CORPORATION, Appellant, v. FIRST-CITIZENS BANK & TRUST COMPANY and Citizens and Southern National Bank of South Carolina, Respondent.

(202 S. E. (2d) 22)

*Messrs. Clarkson, McCants and Green, for Appellant,*

*N. Welch Morrisette, Jr., Esq.,* of Columbia, *for Respondent, First Citizens Bank & Trust Company,*

*Messrs. Robinson, McFadden, Moore and Pope,* of Columbia, *for Respondent, The Citizens and Southern National Bank of South Carolina,*

January 15, 1974.

BUSSEY, Justice:

In this action the plaintiff-appellant sought to recover from the defendant banks the face amount of a check upon which plaintiff's endorsement as a payee was allegedly forged. For convenience the banks will be referred to simply as C & S and First Citizens. The plaintiff appeals from an order of summary judgment in favor of both banks. Under such circumstances, the factual matters and inferences therefrom have to be viewed in the light most favorable to the plaintiff-appellant. The facts of the case are accordingly stated in the light of such principle. *Thevenot v. Commercial Travelers Mut. Acc. Ass'n of America,* 259 S. C. 235, 191 S. E. (2d) 251, and *Gardner v. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700.

The plaintiff supplied certain construction materials to Thomas Insulation Company, who was a subcontractor performing work for Charles J. Craig Construction Company. Thomas being in financial difficulty, an agreement was reached with Craig whereby Thomas' checks were made payable jointly to Thomas and plaintiff. In accordance with such agreement, a check drawn on C & S in the amount of $6,650.00 was issued by Craig on or about October 15, 1970, but Thomas forged plaintiff's endorsement on the said check, deposited it to the account of Thomas in First Citizens, which bank forwarded it to C & S for clearing, bearing endorsement "all prior endorsements guaranteed." The check was paid by C & S and the proceeds credited to the account of Thomas in First Citizens. Both banks in their respective answers denied liability to the plaintiff and C & S cross-complained against the defendant First Citizens, seeking a judgment over and against First Citizens on its unconditional guarantee of prior endorsements, in the event C & S should be held liable.

Thereafter, First Citizens moved for summary judgment in its favor and, upon hearing, C & S made an oral motion

for summary judgment. First Citizens admitted that it was liable over to C & S should that defendant be found liable, whereupon the court granted the motion of C & S for summary judgment against the defendant First Citizens to such extent and dismissed C & S from the case. From such judgment First Citizens has not appealed. The court then proceeded to grant the motion of First Citizens for summary judgment in its favor against the plaintiff. Plaintiff appeals from the order of the lower court dismissing the action as to C & S and granting summary judgment in favor of First Citizens.

The legal basis upon which the court dismissed the action as to C & S does not appear, but summary judgment in favor of First Citizens was based on the admitted fact that plaintiff received from Thomas the proceeds of the check upon which plaintiff's endorsement had been forged. Neither of the banks urge any additional sustaining grounds for the action of the lower court. There are matters argued in the briefs which are not really properly before this Court, not having been passed upon by the court below nor urged as additional sustaining grounds.

While plaintiff admitted receiving the proceeds of the check, it appears from the statement of the case that at the hearing on the motion for summary judgment plaintiff asserted,

"it had available in the Courtroom at that time witnesses to testify that its endorsement upon the subject check had been forged; that it received the funds at issue from the subcontractor by two separate checks sent after the aforesaid forgery and deposit had taken place; that both these checks were marked to indicate that they were to be applied upon invoices and orders entirely different from the account giving rise to the $6,650.00 check, the subject of this action; that the accounts so designated in fact involved different materials, jobs, and prime contractors; that Plaintiff relied on such designations and was not advised of the

subcontractor's diversion of the joint pay funds until time for asserting its bond rights had elapsed; and that Plaintiff had advanced additional credit on the strength of such remittances."

It further appears that counsel for defendant First Citizens "admitted *arguendo* the truth of the aforesaid proposed testimony."

We are of the view that under the circumstances the trial judge was clearly in error in granting summary judgment in favor of the defendants. Sec. 10.3-419 of the Uniform Commercial Code, in pertinent part, reads as follows:

"(1) An instrument is converted when * * * (c) it is paid on a forged endorsement."

The official comment thereabout is as follows:

"Subsection (1) (c) is new. It adopts the prevailing view of decisions that payment on a forged endorsement is not an acceptance, but even though made in good faith, it is an exercise of dominion and control over the instrument inconsistent with the rights of the owner and results in liability for conversion."

Under the plain language of the statute and the facts, as above related, the check was converted by both of the banks rendering such banks liable to the plaintiff in the absence of a valid defense. The only alleged defense upon which the court granted summary judgment against the plaintiff was the simple fact that the plaintiff admittedly had received the proceeds of the check. It is, of course, true that where a payee whose endorsement has been forged receives and retains the proceeds of a check, with knowledge of the forgery of his endorsement, and with the proceeds being applied to the obligation which the check was issued to pay, the payee has suffered no damage, and, accordingly, cannot recover against a bank for paying such check on the forged endorsement. A different rule applies, however, where the proceeds, even though received by the payee, were not applied by the forger to the obligation which

the check was issued to discharge. *Life Ins. Co. of Va. v. Edisto Natn'l Bank,* 166 S. C. 505, 165 S. E. 178; *Carolina Life Ins. Co. v. Bank of Greenwood,* 217 S. C. 277, 60 S. E. (2d) 599. Our decisions appear to be in accord with the weight of all reasoned authority from other jurisdictions. See particularly the case of *Hillsley v. State Bank of Albany,* 24 A. D. (2d) 28, 263 N. Y. S. (2d) 578, aff., 18 N. Y. (2d) 952, 277 N. Y. S. (2d) 148, 223 N. E. (2d) 571.

We, of course, intimate no opinion as to the merits of the case but hold that the lower court was in error in dismissing the action as to C & S and in granting summary judgment in favor of First Citizens.

The judgment below is reversed and the cause remanded for trial as to both defendants.

Reversed and remanded.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Littlejohn, J., not participating.