**JOHNSTON MEMORIAL
HOSPITAL, Appellant,**

v.

**Ricky Daniel HESS, Appellee.**

**Civ. A. No. 84–0270–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 29, 1984.

James P. Jones, Bristol, Va., for appellant.

Henry Whitehurst, Christiansburg, Va., for appellee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This is an appeal from a judgment of the United States Bankruptcy Court for the Western District of Virginia. A fraudulent transfer of funds was avoided in a Chapter 7 proceeding and the debtor's discharge was denied. The trustee has been ordered to distribute the funds to the creditors. The appellant creditor appeals from the decision of the bankruptcy court that its claim is unsecured. This court has jurisdiction pursuant to 28 U.S.C. § 1334 (1976).

### I.

The debtor, Ricky Daniel Hess, was treated by Johnston Memorial Hospital and Dr. J. Thomas Hulvey for injuries sustained in a February, 1979 automobile accident. He was unable to pay his medical expenses. On January 15, 1980, the Hospi-tal obtained a judgment in the amount of $23,276.12, with costs and interest from February 11, 1979. Dr. Hulvey obtained a judgment on March 11, 1980 in the amount of $3,958, with costs and interest from March 11, 1980.

On January 26, 1981, the debtor was paid $25,000 in settlement of his personal injury suit against the driver of the vehicle in which he was injured. After paying only the statutory medical expenses and his attorney's fees, he bought a $10,000 certificate of deposit and deposited approximately $6,000 in a passbook account. Both bank deposits were made in the names of the debtor's infant daughter and his sister. That transfer of funds has been held fraudulent by this court and the Fourth Circuit Court of Appeals. *Johnston Memorial Hospital v. Hess*, No. 82–0139 (W.D.Va., Sept. 29, 1982), *aff'd.* 707 F.2d 507 (4th Cir.1983). On remand to the bankruptcy court, the funds have been turned over to the Chapter 7 trustee for distribution to the Hospital and Dr. Hulvey as unsecured creditors. The Hospital asserts on appeal that it has a judgment lien which gives it a superior claim as a secured creditor. The Hospital further asserts that the attorney for the debtor should have been denied a fee payable from the estate for representation in connection with the bank accounts.

### II.

On April 8, 1981, a writ of *fieri facias* was issued on behalf of the Hospital and delivered to the sheriff for execution. The Hospital asserts that the bank accounts are intangibles to which the writ automatically attached when it was delivered to the sheriff, giving the Hospital a perfected judicial lien in the proceeds of the accounts. Dr. Hulvey contends that the bank accounts are tangibles to which the writ did not automatically attach and, alternatively, that they were not the property of the debtor during the period of the writ. The bankruptcy judge found the writ to have been in effect from April 8, 1981 through July 8, 1981. He further found that the debtor owned no interest in the bank ac-

counts until the transfer was avoided on October 18, 1983. For those reasons he found that the Hospital's writ had not attached to any property of the debtor and according, treated both the Hospital and Dr. Hulvey as unsecured creditors.

■ In Virginia, a bank deposit creates the relationship of debtor-creditor between the bank and its depositor. *Williams v. Dickenson County Bank*, 175 Va. 359, 363, 7 S.E.2d 885 (1940). For this reason, the balance of a bank account is a chose in action. *Koss v. Kastelberg*, 98 Va. 278, 36 S.E. 377 (1900). A chose in action is intangible personal property. The Code of Virginia defines "general intangibles" as personal property, including things in action, other than goods, accounts, chattel paper, documents, instruments and money. Va.Code § 8.9–106 (1984 Supp.). Although "accounts" refers to commercial accounts receivable, bank accounts are within the definition of general intangibles as "things in action." *Id.* See also *In Re Varney Wood Products, Inc.*, 458 F.2d 435 (4th Cir.1972). Bank accounts are also defined as intangibles for the purpose of disposing of abandoned property. Va.Code §§ 55–210.2:1 to 55–210.3:01 (1984 Supp.). The bank accounts opened by the debtor in the names of his sister and infant child are intangibles.

■ State law determines the existence and characteristics of a state-created lien. *In Re Dulaney*, 29 B.R. 79 (Bkrtcy. W.Va.1982). In Virginia, a creditor who has a money judgment may enforce it against the debtor's personal property by execution. *Id.* Execution on intangible personal property, including a chose in action, is carried out when a writ of *fieri facias* is issued and delivered to the sheriff. *Id.* An execution lien attaches to intangible property and dates from the time the writ is delivered to the sheriff. Va.Code § 8.01–501 (1984 Repl.Vol.).

■ The execution of the writ of *fieri facias* created a judgment lien in favor of Johnston Memorial Hospital on April 8, 1981. The lien was on all the personal property possessed by the debtor, or to which he was entitled, during the period of the writ. A fraudulent transfer is void, as to creditors, under Virginia law. Va.Code § 55–80 (1981 Repl.Vol.) See also *Matney v. Combs*, 171 Va. 244, 198 S.E. 469 (1938). For the purpose of determining whether the writ attached, the fraudulent transfer of the proceeds of the insurance settlement to the debtor's sister and infant child was void. For this reason, the judgment lien of the Hospital attached to the bank accounts on April 8, 1981.

A lien acquired on intangibles ceases to exist either one year from the return date of the execution or, in the case of a debt, one year from the final determination of the amount owed, whichever is later. Va. Code § 8.01–505 (1984 Repl.Vol.). The bankruptcy judge found the return date of the writ to be July 8, 1981; one year from that date was July 8, 1982. The final determination of the amount owed Ricky Daniel Hess by the debtor Peoples Bank of Honaker was made on October 18, 1983 when the bankruptcy court avoided the fraudulent transfer. The one-year period of Johnston Memorial Hospital's lien began October 18, 1983. Any time during which the right to enforce the lien is suspended by judicial process must be omitted. Va. Code § 8.01–251 D (1984 Repl.Vol.). The Hospital's lien has not yet expired.

### III.

■ The attorney for Ricky Daniel Hess petitioned the bankruptcy court seeking to be compensated for services rendered in this case. The bankruptcy court allowed a fee payable from the funds of the estate for services rendered to the estate in the filing and processing of the case and for services rendered as to the questions of dischargeability of debts and the debtor's discharge and exemptions. The Bankruptcy Act provides for the allowance of such claims to the extent that they are actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b)(1)(A) (Supp. V 1981). The fees of the debtor's attorney were not expenses of preserving the estate to the extent that he was opposing the avoidance of the fraudulent transfer of funds. Any fees for such

efforts must not be paid from funds of the estate.

## IV.

This court reverses both the decision of the bankruptcy court that the claim of Johnston Memorial Hospital is unsecured and the award of fees to the attorney representing the debtor. The bankruptcy court shall distribute the funds held by the trustee in accordance with this memorandum opinion.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record and to the United States Bankruptcy Court for the Western District of Virginia, Roanoke, Virginia.