0710

Jasper F. RUSH, Jr., Administrator of the Estate of David Buss Wright, Deceased, Respondent v. SOUTH CAROLINA NATIONAL BANK, Appellant.

(343 S. E. (2d) 667)

Court of Appeals

*L. Henry McKellar,* Columbia, *for appellant.*

*O. Lee Sturkey,* McCormick, *for respondent.*

Heard March 18, 1986.

Decided May 12, 1986.

*Per Curiam:*

Appellant South Carolina National Bank appeals from an order of the Circuit Court granting judgment in the amount of $1,800 to respondent Jasper F. Rush, Jr., as administrator of the estate of David Buss Wright, deceased. We reverse.

The facts are stipulated by the parties. Mr. Wright opened a savings account at the Bank. All of the funds in the account were deposited by Mr. Wright and belonged to him. The account was later amended so that the signatures of both Mr. Wright and Mr. Rush were required for withdrawal of funds. Mr. Wright had previously worked for the father and uncle of Mr. Rush and lived on land owned by Mr. Rush. He customarily relied on Mr. Rush for financial advice and asked him for assistance in managing the funds on deposit in the account. Mr. Wright desired to preserve the funds for a major contingency, such as the purchase of a refrigerator, medical expenses or burial expenses. Mr. Rush communicated these facts to a customer service representative of the Bank in the presence of Mr. Wright prior to the account being amended to require both signatures for the withdrawal of funds. After the amendment requiring both signatures, Mr. Wright made five separate withdrawals totaling $1,800. These withdrawals were made by Mr. Wright with only his own signature.

Mr. Wright thereafter died intestate. Mr. Rush brought this action on behalf of his estate alleging "[t]hat due to the notice given to the Defendant Bank of the facts and circumstances surrounding the creation of the deposit and the deposit of the funds, there was created and established a fiduciary relationship in which the Bank held the funds in trust."

The Circuit Court concluded that a trust relationship was created under the circumstances and that the Bank "must restore the withdrawn amount of $1,800."

The normal bank-depositor arrangement creates a creditor-debtor relationship rather than a fiduciary one. *Burwell v. South Carolina National Bank*, 288 S. C. 34, 340 S. E. (2d) 786 (1986). In limited circumstances, however, a fiduciary relationship may be created between a bank and a customer if the bank undertakes to advise the customer as a part of the services the bank offers. *Id.* Unless the funds are deposited into a special account or specifically designated to be kept separate, the relationship between a general depositor and the bank is that of creditor and debtor, and a trust is not created. *See Owens v. Andrews Bank & Trust Co.*, 265 S. C. 490, 220 S. E. (2d) 116 (1975); Restatement (Second) of Trusts § 12 comment 1 (1959) ("A general deposit of money in a commercial bank does not create a trust, but a relation of debtor and creditor.").

Mr. Rush argues that when the savings account of Mr. Wright was amended to require the signatures of both Mr. Wright and Mr. Rush for the withdrawal of funds, the account became a special account. We reject this argument.

To change a general account into a special account, there must be some act, at least on the part of the depositor, tending to segregate funds in the possession of the bank and to segregate them for a particular purpose. *Bradley Grain Co. v. Farmers & Merchants National Bank*, 274 S. W. (2d) 178 (Tex. Civ. App. 1954). Whether a general account becomes by some transaction a special account depends upon the intent of the parties and evidence of that intent may be what is said and done when the transaction took place. *Gray v. First National Bank & Trust Co. of Yonkers*, 263 N. Y. 479, 189 N. E. 557 (1934). The burden of proving an account is special is on the one claiming it. *Andrew v. Union Savings Bank & Trust Co. of Davenport*, 220 Iowa 712, 263 N. W. 495 (1935).

In our opinion, the conversation which took place between Mr. Rush and the customer service representative of the Bank was insufficient to evidence an intent to change the nature of the account from a general

account to a special account. Thus, no trust relationship was created between the parties. *See Georgia Bank & Trust Co. v. Hadarits,* 111 Ga. App. 195, 141 S. E. (2d) 172 (1965), *rev'd on other grounds,* 221 Ga. 125, 143 S. E. (2d) 627 (1965) (to create a special deposit or a deposit for a specific purpose, rather than a general deposit, there must be a plain agreement between the bank and the depositor); *Williams v. Dickenson County Bank,* 175 Va. 359, 7 S. E. (2d) 885 (1940) (even if funds deposited are to be used for a particular purpose, where the depositor assents to their being commingled with the general funds of a bank, in the absence of a clear agreement to the contrary, expressed or implied, a deposit is presumed to be a general deposit); *Missouri Mutual Association v. Holland Banking Co.,* 220 Mo. App. 1256, 290 S. W. 100 (1927) (the fact that another party must countersign checks before money can be paid on a deposit does not alone make it a special one); *Wetherell v. O'Brien,* 140 Ill. 146, 29 N. E. 904 (1892) (notwithstanding a conversation between an executor of an estate and a bank representative in which the executor requested that certain funds deposited be held until they could be invested, the court held the deposit was general, not special).

In the absence of the trust relationship, no damages are recoverable for the breach of contract by the Bank in this case since Mr. Wright actually received his funds from the Bank and none of the funds deposited belonged to Mr. Rush personally. Mr. Rush agrees in his brief that "if this action is properly characterized as one strictly founded in contract, it must be conceded that, since Wright actually received the money, there are no damages at law." *See Conwed Corp. v. First-Citizens Bank & Trust Co.,* 262 S. C. 48, 53, 202 S. E. (2d) 22, 24 (1974) (in dicta, court stated that "where a payee whose endorsement has been forged receives and retains the proceeds of a check, with knowledge of the forgery of his endorsement, and with the proceeds being applied to the obligation which the check was issued to pay, the payee has suffered no damage, and, accordingly, cannot recover against a bank for paying such a check on the forged endorsement."); *Cooper v. Hibernea National Bank,* 405 So. (2d) 540 (La. App. 1981) (where a wife sued a bank alleging the bank breached its contractual agreement by

permitting her former husband to deplete savings from a joint account without requiring her signature, court dismissed her claim against the bank because she failed to show she suffered any damages from the breach of contract); *Industrial Savings Bank v. People's Funeral Service Corp.*, 296 F. 1006 (D. C. Cir. 1924) (where the president of a corporation took a corporate check to the bank for purpose of paying a debt of the corporation, but learned the debt exceeded the amount of the check and the check was endorsed by the bank and delivered to the president who gave his check in place of it and cashed the corporate check, court held that since the debt of the corporation was discharged, it suffered no damages); *Gish Banking Co. v. Leachman's Administrator*, 163 Ky. 720, 174 S. W. 492 (1915) (where funds deposited in a bank to the joint account of a husband and wife were paid out on checks signed by the wife alone, the court held that the husband could not recover from the bank for those checks of which he had received the benefit).

For these reasons, the order of the Circuit Court is

Reversed.