Linda WHALEN, Plaintiff–Appellant,

v.

CHASE MANHATTAN BANK, N.A.,
Defendant–Third–Party–
Plaintiff–Appellee,

and

First County Bank, Third–
Party–Defendant.

Docket No. 00–9603.

United States Court of Appeals,
Second Circuit.

July 17, 2001.

Ronald A. Nimkoff, Esq.; Harvey B. Silikovitz, Of Counsel, Schechter & Nimkoff, LLP, New York, NY, for appellant.

Steven M. Frederick, Esq., Wofsey, Rosen, Kweskin, & Kuriansky, LLP, Stamford, CT, for appellee.

Present WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Linda Whalen appeals a December 8, 2000 judgment dismissing her suit against defendant-appellee Chase Manhattan Bank ("Chase"). *See Whalen v. Chase Manhattan Bank, N.A.,* No. 99 Civ. 11161 RO, 2000 WL 1801839, at *4 (S.D.N.Y. Dec. 7, 2000). Whalen brought suit under N.Y. U.C.C. § 3–419 alleging that Chase unlawfully converted a check in the amount of $133,508.71 for which she was the sole payee. The check, which was issued by Met Life Insurance, was stolen from Ms. Whalen by her Met Life financial planner, Robert Iannuci. On the back of the check, Iannuci wrote "For Deposit Only" and then deposited it in his wife's bank account at First County Bank in Connecticut. First County then presented the stolen check to Chase for payment and Chase honored it by debiting Met Life's account.

After discovering the theft, Whalen filed suit against First County in Federal District Court in Connecticut and against Met Life and Iannucci in Federal District Court in New York. A joint settlement of the two actions was reached whereby Met Life, First County, Iannucci and his insurer paid an undisclosed amount to Whalen. Chase was not a party to either of these actions, nor was it a party to the global settlement.

On November 8, 1999, Whalen brought the present action against Chase—her *third* suit in connection with the forged check. Relying on the ratification doctrine, which has been adopted by a number of states, *see, e.g., Cooper v. Union Bank,* 9 Cal.3d 371, 107 Cal.Rptr. 1, 507 P.2d 609 (1973); *Denver Elec. & Neon Serv. Corp. v. Gerald H. Phipps, Inc.,* 143 Colo. 530,

354 P.2d 618 (Colo.1960), the district court dismissed the action. The district court stated that,

a plaintiff still gets only one bite at the apple for substantive commercial paper claims. The considerations at bar are judicial economy and fundamental fairness. It is in the interests of efficiency that all aspects of the disputed transaction are resolved in one proceeding in a court of appropriate jurisdiction.... Ratification is also a fundamentally fair concept in that plaintiff is forced to proceed against either the collecting bank or the drawee [bank].... Whalen elected to proceed against First County (the collecting bank) and thereby ratified the collection of the check and acknowledge that her monies were in First County's accounts and no longer with Chase.

*Whalen,* 2000 WL 180139, at *3–4.

While we agree with the district court's reasoning and conclusion, we do not believe the doctrine of ratification was the proper analytical tool. The ratification doctrine primarily concerns whether a payee can institute an action to recover against a depository bank in the first instance, not whether a payee can institute an action against a drawee bank after she has already recovered money from a depository bank. *See, e.g., King v. White,* 265 Kan. 627, 962 P.2d 475 (Kan.1998); *Conwed Corp. v. First–Citizens Bank & Trust Co.,* 262 S.C. 48, 202 S.E.2d 22 (S.C. 1974); *Pacific Metals Co. v. Tracy–Collins Bank & Trust Co.,* 21 Utah 2d 400, 446 P.2d 303 (Utah 1968). *But see Resh v. Conn. Nat. Bank,* 89 F.3d 598, 599 (9th Cir.1996).

It appears to us that the district court's reasoning is consistent with the reasoning that underlies the doctrine of judicial estoppel. *See Wight v. Bankamerica Corp.,* 219 F.3d 79, 89 (2d Cir.2000) ("Judicial estoppel is designed to prevent a party

who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits."). We believe that the doctrine of judicial estoppel appropriately governs situations such as the present one.

Accordingly, the judgment of the district court is hereby AFFIRMED.