**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Errol Washington, as Personal Representative of the Estate of Danny Washington, Appellant,

v.

Alice R. Stewart, Leroy Stewart, Alvin E. Burch, Sr., a/k/a Alvin E. Birch, Rudell S. Burch, Sterling Lending Group, Inc., a South Carolina Corporation, Regent Bank, and Wachovia Bank, N.A., Defendants,

Of Whom Alice R. Stewart, Leroy Stewart, Alvin E. Burch, Sr., a/k/a Alvin E. Birch, Rudell S. Burch and Wachovia Bank, N.A. are the Respondents.

Appellate Case No. 2011-186748

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2012-UP-420
Heard June 5, 2012 – Filed July 11, 2012

**AFFIRMED**

Mark S. Sharpe of Warren & Sinkler, LLP, of Charleston, and Edward P. Guerard, Jr., of Charleston, for Appellant.

Trudy H. Robertson and Robert E. Sumner, IV both of
Moore & Van Allen, PLLC, of Charleston, for
Respondent.

---

**PER CURIAM:** Errol Washington, as the Personal Representative of the Estate of Danny Washington, argues the trial court erred in granting summary judgment in favor of Wachovia Bank, N.A., on Washington's causes of action for aiding and abetting a breach of fiduciary duty and for negligence.

(1) We find Washington's argument the trial court erred in granting summary judgment despite significant, outstanding discovery is not preserved. Washington failed to raise this issue properly to the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *McClurg v. Deaton*, 380 S.C. 563, 579-80, 671 S.E.2d 87, 96 (Ct.App. 2008) (holding a party may not raise an issue for the first time in a motion to reconsider, alter or amend a judgment).

(2) We find the trial court did not err in granting summary judgment on Washington's cause of action for aiding and abetting a breach of fiduciary duty. The elements for the cause of action for aiding and abetting a breach of fiduciary duty are: "(1) a breach of a fiduciary duty owed to the plaintiff[;] (2) the defendant's knowing participation in the breach[;] and (3) damages." *Future Group, II v. Nationsbank*, 324 S.C. 89, 99, 478 S.E.2d 45, 50 (1996). "The gravamen of the claim is the defendant's knowing participation in the fiduciary's breach." *Id.; see Gordon v. Busbee*, 397 S.C. 119, 133-34, 723 S.E.2d 822, 830 (Ct. App. 2012) (affirming the grant of directed verdict in favor of an attorney on aiding and abetting breach of personal representative's fiduciary duty and finding that even if the attorney should have conducted additional investigation into the assets of the estate, that does not constitute evidence of actual knowledge of improper activity on the personal representative's part). The probate court's order appointing Stewart as personal representative placed no restrictions on her regarding Estate funds and the probate code grants a personal representative "the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate." S.C. Code Ann. § 62-3-711(a) (2009). The mere movement of funds does not create actual knowledge of a breach of a fiduciary duty. Washington failed to

provide any evidence Wachovia had actual knowledge Stewart was breaching her fiduciary duty when she made the transactions.

(3) We find the trial court did not err in granting Wachovia summary judgment on Washington's negligence claim. In order to establish a claim for negligence, the plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant's negligent act or omission; (3) the plaintiff was damaged; and (4) the damages proximately resulted from the breach of the duty. *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002). "'[D]uty' is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same--to conform to the legal standard of reasonable conduct in the light of the apparent risk." *Huggins v. Citibank, N.A.*, 355 S.C. 329, 333, 585 S.E.2d 275, 277 (2003). "What the defendant must do, or must not do, is a question of the standard of conduct required to satisfy the duty." *Id.* "An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Carson v. Adgar*, 326 S.C. 212, 217, 486 S.E.2d 3, 5 (1997). Generally, a bank-depositor relationship establishes a creditor-debtor relationship rather than a fiduciary relationship. *Rush v. S.C. Nat'l Bank*, 288 S.C. 560, 562, 343 S.E.2d 667, 668 (Ct. App. 1986). While a bank may owe its customers a duty of care, this duty does not extend to ensuring that a depositor is behaving wisely with his or her money.

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] Wachovia argues this court lacks jurisdiction because Washington failed to timely serve the notice of appeal. We disagree. Generally, serving the notice of appeal divests the lower court of jurisdiction over the order appealed, except for matters not affected by the appeal. *Jackson v. Speed*, 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997); Rule 205, SCACR. Often, when a timely post-trial motion is pending before the lower court, any notice of appeal will be dismissed without prejudice as premature. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 20 n.2, 602 S.E.2d 772, 778 n.2 (2004). In this case, Washington timely served the notice of appeal from the order granting summary judgment. Neither party asked this court to dismiss the appeal or hold it in abeyance pending the trial court ruling on the motion to alter or amend. Accordingly, jurisdiction remained with this court.