### Richard BISHOP, Plaintiff,

### v.

### Neal S. WARREN, District Director, Internal Revenue Service, Defendant.

### Civ. A. No. 2586.

United States District Court
E. D. Washington, N. D.

April 14, 1967.

having entered its Findings of Fact and Conclusions of Law herein, it is in conformity therewith

Ordered, adjudged and decreed that the plaintiff Richard Bishop do have and recover judgment against the United States of America in the sum of $204.55, with interest at six per cent from June 5, 1964 until paid.

It is further ordered, adjudged and decreed that the plaintiff's complaint herein be and it is hereby dismissed, and that the Order of this Court dated November 6, 1964 restraining the defendant be and it is hereby dismissed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on regularly for trial before this Court on December 20, 1966, the plaintiff being represented by Howard K. Michaelsen, attorney at law, and the defendant by Robert M. Sweeney, Assistant United States Attorney, and the Court having considered the pre-trial order herein, the evidence adduced at trial, the argument of counsel, now makes the following

### FINDINGS OF FACT

**I.**

The plaintiff Richard Bishop is, and at all times material hereto was, a resident of the city of Newport, Pend Oreille County, State of Washington. The defendant Neal S. Warren is, and at all times material hereto was, the District Director for the Internal Revenue Service, Department of the Treasury of the United States.

**II.**

The plaintiff is the son of Charles E. Bishop and Ruth N. Bishop, who at all times material hereto were also residents of the city of Newport, Pend Oreille County, State of Washington.

**III.**

By quit-claim deed dated February 8, 1957, Charles E. Bishop conveyed to his son, the plaintiff herein, a motion picture theater business located in Newport, Washington, and operated under the name

Michaelsen & Richard, Spokane, Wash., for plaintiff.

Smithmoore P. Myers, U. S. Atty., Spokane, Wash., for defendant.

### JUDGMENT

POWELL, District Judge.

The Court having considered the evidence and the argument of Counsel and

of the Roxy Theater. Thereafter, there was operated from the theater building in Newport, Washington, a loan and collection business.

## IV.

The plaintiff Richard Bishop devoted the majority of his time to the operation and management of the theater business. Charles E. Bishop devoted most of his time to and controlled the operation of the collection business. The said Charles E. Bishop prepared and filed complaints for collection in the Pend Oreille County courts. The complaints were filed in the name of Charles E. Bishop as the party in interest. Charles E. Bishop contacted other collection agencies in the course of the collection business. The collection agency bond required under the law of the State of Washington was written to Charles E. Bishop as the operator of the collection business.

## V.

For the taxable year 1958, and for the years thereafter, Charles E. Bishop and Ruth N. Bishop did not file income tax returns. During these years, the plaintiff Richard Bishop claimed Charles E. Bishop and Ruth N. Bishop as dependants on his tax returns.

## VI.

At the time this action was commenced, there was no federal tax liability assessed by the Internal Revenue Service against the plaintiff Richard Bishop.

## VII.

Prior to the commencement of this action, assessments for delinquent federal income and excise taxes had been duly and properly made against Charles E. Bishop and Ruth N. Bishop. Notices of such delinquent taxes against Charles E. Bishop and Ruth N. Bishop had been duly and properly filed in Pend Oreille County, Washington, as follows:

| Type of Tax And Period | Assessment Date | Amount of Assessment | Date Notice of Tax Lien Filed |
|---|---|---|---|
| Income 1947 | 4–12–63 | $ 8,975.39 | 6–4–63 |
| Income 1948 | " | 2,653.67 | " |
| Income 1949 | " | 1,315.38 | " |
| Income 1950 | " | 4,478.79 | " |
| Income 1951 | " | 16,607.94 | " |
| Income 1952 | " | 8,871.70 | " |
| Income 1953 | " | 3,273.63 | " |
| Income 1953 | " | 3,970.28 | " |
| Income 1954 | " | 3,436.99 | " |
| Income 1955 | " | 12,005.49 | " |
| Excise 6–30–54 | 8–9–63 | 49,668.65 | 9–17–63 |

Said delinquent taxes remain due, owing and unpaid to the United States, except for credits in the total amount of $684.62.

## VIII.

On May 7, 1964, a Notice of Levy was served by the defendant upon the National Bank of Commerce, Newport Branch, directing the bank to pay to the defendant any property it had belonging to Charles E. Bishop and Ruth N. Bishop. Pursuant to the Notice of Levy, the National Bank of Commerce on June 5, 1964 paid to the defendant the sum of $409.10, which sum was paid from a checking account at the bank under the name of "City Finance Company," and upon which the plaintiff Richard Bishop and his father, Charles E. Bishop, were authorized to draw checks. The sum of $409.10 was paid into the Treasury of the United States and credited against the delinquent tax liability of Charles E. Bishop and Ruth N. Bishop.

## IX.

On May 8, 1964 and June 18, 1964, Notices of Levy were served by the defendant upon the Clerk of the Superior Court of Pend Oreille County, Washington, directing the clerk to pay to the defendant any property he held belonging to Charles E. Bishop and Ruth N. Bishop. Pursuant to the Notices of Levy, the Clerk of the Pend Oreille County Superior Court on July 6, 1964 paid to the Internal Revenue Service the sum of $268.85. This sum had been paid into the registry of the Pend Oreille County Clerk's office in satisfaction of a judgment obtained in favor of Charles E. Bishop by the said Charles E. Bishop as a part of the collection business. The sum of $268.85 was paid into the Treasury of the United States and credited against the delinquent tax liability of Charles E. Bishop and Ruth N. Bishop.

## X.

On May 12, 1964, a Notice of Levy was served by the defendant upon the Bonded Adjustment Company of Spokane, Washington, directing the company to pay to the defendant any property it held belonging to Charles E. Bishop and Ruth N. Bishop. Pursuant to the Notice of Levy, the Bonded Adjustment Company on July 13, 1964 paid to the defendant the sum of $6.67, which sum was held by the Bonded Adjustment Company as an amount recovered by it upon a collection account referred to it from Charles E. Bishop operating as Bishop's Credit Service. The sum of $6.67 was paid into the Treasury of the United States and credited against the delinquent tax liability of Charles E. Bishop and Ruth N. Bishop.

## XI.

In addition to the Notices of Levy mentioned in Findings of Fact Nos. VIII, IX and X, the Internal Revenue Service prior to the commencement of this action had served Notices of Levy upon fourteen other parties in connection with the delinquent tax liability of Charles E. Bishop and Ruth N. Bishop. No money or other property was paid to the Internal Revenue Service by virtue of these notices, all of which Notices named Charles E. Bishop and Ruth N. Bishop as taxpayers from whom there were federal taxes due, owing and unpaid and made demand for any money or property belonging to said taxpayers. No assets of the theater business were seized or levied upon by the Internal Revenue Service.

## XII.

The sum of $268.85 paid by the Clerk of the Pend Oreille County Superior Court to the Internal Revenue Service pursuant to levy was money belonging to Charles E. Bishop and Ruth N. Bishop and not to the plaintiff Richard Bishop.

## XIII.

The sum of $6.67 paid by Bonded Adjustment Company to the Internal Revenue Service pursuant to levy was money belonging to Charles E. Bishop and Ruth N. Bishop and not to the plaintiff Richard Bishop.

## XIV.

There is no evidence by which it can be determined the division of interest, if any, as between the plaintiff Richard Bishop and Charles E. Bishop in the sum of $409.10 paid to the Internal Revenue Service by the National Bank of Commerce pursuant to levy from the City Finance Checking account and upon which the plaintiff Richard Bishop and Charles E. Bishop were authorized to draw checks.

From the foregoing Findings of Fact, the Court makes the following

## CONCLUSIONS OF LAW

### I.

■ By virtue of 28 U.S.C. § 2201, this Court does not have jurisdiction to enter a declaratory judgment herein. The Court had jurisdiction over the remaining subject matter of this action and over the parties by virtue of 26 U.S.C. § 7426.

### II.

■ At all times material herein, and pursuant to 26 U.S.C. § 6321, the United States had valid and subsisting liens upon

all the property and rights to property belonging to the delinquent taxpayers Charles E. Bishop and Ruth N. Bishop.

### III.

■ The sum of $268.85 paid by the Clerk of the Pend Oreille County Superior Court to the Internal Revenue Service pursuant to levy was properly paid to the Internal Revenue Service and applied upon the tax delinquency of Charles E. Bishop and Ruth N. Bishop.

### IV.

■ ·The sum of $6.67 paid by Bonded Adjustment Company to the Internal Revenue Service pursuant to levy was properly paid to the Internal Revenue Service and applied upon the tax delinquency of Charles E. Bishop and Ruth N. Bishop.

### V.

■ The sum of $409.10 paid by the National Bank of Commerce to the Internal Revenue Service pursuant to levy was presumptively owned by the plaintiff Richard Bishop and Charles E. Bishop in undivided one-half interests as joint tenants, and one-half thereof, or $204.55, was money belonging to Charles E. Bishop and was properly paid to the Internal Revenue Service and applied upon the tax delinquency of Charles E. Bishop and Ruth N. Bishop. The remaining one-half thereof, or $204.55, was presumptively owned by the plaintiff Richard Bishop.

### VI.

Except for the sum of $204.55 mentioned in Conclusion V, the defendant has not levied upon or attempted to levy upon property belonging to the plaintiff.

### VII.

The defendant is entitled to a judgment dismissing the complaint herein and dismiss the injunction issued by Order of this Court on November 6, 1964, provided that the plaintiff is entitled to a judgment that the defendant be directed to return to the plaintiff the sum of $204.55 besides interest.