REDMANN, Judge.
At one point in a long-litigated domestic relations dispute, separated spouses (now divorced) deposited the $29,000 proceeds from a house into a “both signatures required” savings account with defendant Hibernia Bank. Tax levies against the ex-husband alone, totalling $22,711, were satisfied out of that account. The ex-wife now sues the bank and the ex-husband for an accounting and a money judgment “for her share” of the account. The trial court transferred her demand against the ex-husband to the court in which an action for partition of their community is being tried and dismissed the claim against the bank. On this appeal the ex-wife argues only that the action against the bank should not have been dismissed. We disagree except that we amend to make the dismissal without prejudice.
Although a trial court may have the authority to piecemeal partition a community (see Cookmeyer v. Cookmeyer, La. 1977, 352 So.2d 232, on remand La.App. 4 Cir.1978, 354 So.2d 686), this case presents a more complex question.
Here the separated spouses and the bank have a contractual agreement that does not allow one spouse to withdraw money (as, in effect, the ex-wife herself seeks to do by this lawsuit), but requires the signatures of both. The ex-wife complains that the bank has let the ex-husband deplete the account (by paying tax levies against him from that two-signature account rather than by first exhausting his own one-signature accounts). That depletion would seem to be a breach of the bank’s contract, as might also the bank’s failure to notify the ex-wife of the tax levies.
The posture of this case does not require the decision of the bank’s liability to the ex-wife. We assume, for this discussion, that the bank is liable for whatever loss the ex-wife suffered by reason of the bank’s giving her funds to pay her ex-husband’s separate tax levy.
The presumption on a joint bank account (and therefore also on a two-signature account) is that it is owned half by each depositor and an IRS levy against one of the two depositors does not entitle the IRS to the half of the funds belonging to the other depositor. Bishop v. Warren, 270 F.Supp. 156 (E.D. Wash. 1967); see also Carter v. U.S. ex rel. D.I.R., 399 F.2d 340 (5 Cir.1968) (co-owner’s interest in land not subject to seizure); Lapp v. U.S., 316 F.Supp. 386 (S.D. Fla. 1970) (tenancy by the entireties). Under the Internal Revenue Code of 1939 § 3690, authorizing “distraint upon the . . . bank accounts of the person delinquent,” a joint bank account “as tenants by the entireties” (described as bearing *542 significant similarities to our ownership in indivisión) was not subject to distraint, Raffaele v. Granger, 196 F.2d 620 (3 Cir.1952), and a levy upon joint venturers’ property, for tax liability of one venturer alone, was void, Stuart v. Willis, 244 F.2d 925 (9 Cir. 1957). Presumably, even if the bank in our ease was not itself obliged to notify the IRS that the account in question was a two-signature account (rather than deliver its funds to the IRS as if the ex-husband’s alone),[1] the ex-wife could have saved at least half and possibly all of the account from seizure for the ex-husband’s taxes had she been notified in time to dispute the question with the IRS. (She retains, apparently, the right to obtain the return from the IRS of any of her funds improperly levied; Bishop v. Warren, above.)
The problem in this case is that the ex-wife has not shown (and perhaps cannot show at this point) the damages that she has suffered from the bank’s breach of contract. The evidence indicates that neither ex-spouse would consent to the division of these funds, and that the deposit was in effect a pledge of the funds by each ex-spouse to the other to secure indebtedness that might result from the ultimate accounting for the rest of the community. The contract with the bank was also a contract between the ex-spouses that neither would touch those funds without the other’s consent until a final partition of the community distributed them.
That final partition has not yet been completed (although, we are informed by counsel, there has been substantial movement towards that end). When the partition is completed (including, as the trial judge aptly pointed out, this bank account containing the proceeds of the community’s house), if the ex-wife is owed a balance that is not otherwise paid she may then seek to recover from the bank. As of today, however, she has no cause of action against the bank. The judgment appealed from is affirmed but amended to dismiss without prejudice the action against the bank.

. Our defendant bank cities U.S. v. Third Nat. B. & Tr. Co., M.D. Pa. 1953, 111 F.Supp. 152, in arguing that it had no choice but to turn over the two-signature account funds to the IRS under penalty of liability for the amount of the levy. But that case is distinguishable. There the amount of the levy was only $307, and the balance in the one-signature “and/or” account “with the right of survivorship” was $2,293. Furthermore, the tax debtor also had a $151 account in her name alone. The bank’s refusal to pay the $307 levy is not explained. In any event that case is not controlling because to honor a $307 levy by payment from the tax debtor’s $2,293 “and/or” account with another person is to turn over far less than the tax debtor’s presumptive half of the account, while to pay $22,711 out of about $30,000 is to turn over far more than the tax debtor’s (arguably) presumptive half of our two-signature account.