# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-1005

**BRENDA BOWER**

**VERSUS**

**MARX MENARD**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## TWENTY-SEVENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. LANDRY, NO. 10-C-4640-C
## HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Nicholas Bellard**
**Bellard Law Offices LLC**
**532 Court Circle**
**Crowley, Louisiana 70526**
**(337) 783-2992**
**Counsel for Defendant/Appellant:**
    **Marx Menard**


**Robert B. Purser**
**Meghan L. Young**
**Post Office Box 1670**
**Opelousas, Louisiana  70571-1670**
**(337) 948-0815**
**Counsel for Plaintiff/Appellee:**
    **Brenda Bower**

**GENOVESE, Judge.**

Brenda Bower sued Marx Menard for the return of one-half of the funds Mr. Menard received when he redeemed six certificates of deposits (CDs) and the funds in a checking account which named them as alternate depositors. The trial court rendered judgment in favor of Ms. Bower. Mr. Menard appeals. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Menard and Ms. Bower lived together, but never married, from 1992 until 2009. In 2002, six CDs were purchased from Farmers State Bank & Trust Company (Farmers State Bank) located in Church Point, Louisiana, in the name of Marx Menard or Brenda Bower. Shortly after their relationship ended in 2009, Mr. Menard obtained the funds by redeeming all six CDs and closing their joint checking account.

Ms. Bower filed suit against Mr. Menard alleging co-ownership of the CDs and the funds in the checking account and seeking the return of one-half of the funds Mr. Menard received when he redeemed same. Ms. Bower alleged that she and Mr. Menard each contributed to the purchase of the CDs and the funds on deposit in the checking account. She asserted that when the CDs were purchased, both she and Mr. Menard were present. She and Mr. Menard also opened the checking account together; however, she never received any monies therefrom when Mr. Menard redeemed the CDs and closed the checking account.

Mr. Menard did not deny redeeming the CDs, closing the checking account, or obtaining the funds as a result thereby. However, he disputed Ms. Bower's allegation that she had any ownership interest in either the CDs or the funds in the checking account.

A trial was held on April 20, 2011. At trial, Ms. Bower testified that she began living with Mr. Menard shortly after they met in 1992 and continued living with him until their relationship ended in 2009. According to Ms. Bower, she and Mr. Menard shared everything during their eighteen-year relationship, including the day-to-day responsibilities associated with managing Mr. Menard's bar, Cajun Country Lounge, in Church Point. Though she did not receive a paycheck, Ms. Bower testified that she worked at the bar; she regularly performed the bookkeeping, she worked as a bartender, she cleaned the bar, she cooked suppers hosted at the bar, and she frequently closed the bar. Ms. Bower further testified that the interest payments from the CDs were used by both her and Mr. Menard to support their household and their lifestyle.

The testimony of Debra Matte, Customer Service Representative for Farmers State Bank & Trust Company, corroborated Ms. Bower's assertion that Mr. Menard and Ms. Bower were present when each of the CDs were purchased and that the checking account named them as alternate depositors. Ms. Matte testified that she personally sold the CDs to Ms. Bower and Mr. Menard. She further testified that Farmers State Bank & Trust Company considered both Ms. Bower and Mr. Menard as having an ownership interest in the CDs and the checking account, and that either Ms. Bower or Mr. Menard could have redeemed the CDs and closed the checking account at any time. The evidence presented at trial revealed that the proceeds Mr. Menard received when he redeemed the CDs and closed the checking account totaled $355,007.65.

According to Mr. Menard, he purchased the CDs and put them and the checking account in both his and Ms. Bower's names in case of an emergency; if something were to happen to him, he wanted Ms. Bower to have access to the money to provide for herself and his children; he did not consider Ms. Bower a

2

co-owner. Mr. Menard disputed Ms. Bower's claims that she worked at his bar and claimed that she never contributed money towards their living expenses. Instead, he alleged that he supported Ms. Bower completely during the entire eighteen years of their relationship. Mr. Menard testified that the money in the checking account and the money used to purchase the CDs was money that he had acquired from the sale of farming equipment, from a personal injury settlement, and from the sale of his bar. However, he did not introduce any documentary evidence corroborating this contention. Alternatively, Mr. Menard argued that the CDs were an incorporeal movable and that he never transferred ownership of the CDs by authentic act. *See* La.Civ.Code art. 473 and La.Civ.Code art. 2481.

The trial court took the matter under advisement and, on May 13, 2011, issued Reasons for Judgment, awarding Ms. Bower $177,503.82 as her one-half interest in the CDs and the funds from the checking account. A judgment consistent with the trial court's written reasons was signed June 15, 2011. From this judgment, Mr. Menard appeals.

## ASSIGNMENTS OF ERROR

Mr. Menard alleges that the trial court erred in the following respects:

1. The [t]rial [c]ourt erred in awarding [Ms.] Bower any money for the certificates of deposit without [Ms. Bower] producing any evidence at all as to a valid donation inter vivos being made of the incorporeal movable CDs, or that there was actual valid purchase of the CDs by Ms. Bower. Absent such evidence[,] there can be no valid donation and any transfer is absolutely null.

2. The [t]rial [c]ourt erred in misapplying the burden of proof in this matter. As Plaintiff and in attempting to prove a donation[,] Ms. Bower had the burden of proving the validity of a donation by "strong and convincing evidence[."] The [c]ourt in this matter has shifted the burden onto Mr. Menard to prove where the funds in the CDs originated.

3. The [t]rial [c]ourt in this matter has erred in creating some form of "palimony" or co-ownership by unmarried persons as a legal regime to justify the award unto Ms. Bower[].

## LAW AND DISCUSSION

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "To reverse a factfinder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong." *S.J. v. Lafayette Parish School Bd.*, 09-2195, p. 12 (La.7/6/10), 41 So.3d 1119, 1127. If a trial court's findings are reasonable based on the entire record and evidence, an appellate court may not reverse those findings even if it is convinced that it would have weighed the evidence differently. *Id.* "The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between respective courts." *Edwards v. Daugherty*, 98-635, p. 4 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, 348, *writ denied*, 99-2034 (La.9/17/99), 747 So.2d 568.

*Sylvester v. Fontenot*, 10-1115, p. 6 (La.App. 3 Cir. 3/9/11), 58 So.3d 675, 679-80.

Mr. Menard's assignments of error assert that the trial court erroneously held that the funds in the Farmers State Bank accounts were co-owned and that the trial court erroneously divided the funds equally. The trial court gave reasons for its determination that the funds were co-owned as follows:

Looking at the totality of the circumstances in this case, the evidence and testimony were strong and convincing that Marx Menard intended to give [Ms. Bower] an interest in the CDs at issue.

The CDs were in the name of Marx Menard or Brenda Bower.

Mr. Menard testified that he wanted [Ms. Bower] to have the money for [her] and the children if something had happened to him.

In this case, all of the CDs except one was [sic] in the name of Marx Menard or Brenda Bower.

[Mr. Menard] could have easily put only one or none of the CDs in the name of Brenda Bower or Marx Menard, if that was not his intention.

There were no documents introduced that the money to open the CDs came from farming or a personal injury claim.

Louisiana Civil Code Article 797 provides that "[o]wnership of the same thing by two or more persons is ownership in indivision. In the absence of other

4

provisions of law or juridical act, the shares of all co-owners are presumed to be equal." Thus, "there is a presumption that a joint bank account is owned in equal shares by each depositor." *Sylvester*, 58 So.3d at 681 (citing *Cooper v. Hibernia Nat'l Bank*, 405 So.2d 540 (La.App. 4 Cir.1981)). "That presumption can be rebutted by appropriate evidence." *Id.* (citing *Succession of Hodge*, 424 So.2d 363 (La.App. 2 Cir.1982)). It is evident from its reasons for judgment that the trial court clearly found Ms. Bower more credible.

> When the findings are based on determinations regarding the credibility of witnesses, the manifest error–clearly wrong standard demands great deference to the findings of fact, for only the factfinder is cognizant of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Id.* at 682 (quoting *Hebert v. Rapides Parish Police Jury*, 06-2001, p. 3 (La. 1/16/08), 974 So.2d 635, 654 (on rehearing)). We find the evidence supports the trial court's determination that Ms. Bower and Mr. Menard were co-owners of the CDs and the checking account. Each of the six CDs and the checking account state on its face that the funds were deposited by and are payable to Marx Menard or Brenda Bower. Mr. Menard offered no competent, documentary evidence to support his assertions that the CDs and money in the checking account were his alone. Therefore, we find that Mr. Menard failed to overcome the presumption that the funds were jointly owned by him and Ms. Bower. We also find no manifest error in the trial court's award of $177,503.82 to Ms. Bower representing her one-half interest in the CDs and the funds in the checking account.

Finally, in brief, Ms. Bower requests additional damages for what she categorizes as Mr. Menard's frivolous appeal "instituted for the sole purpose of delay." An appellee, such as Ms. Bower, may seek additional damages on account of a frivolous appeal. *See* La.Code Civ.P. art. 2164. However, an appellate court does not have jurisdiction to consider a request for damages for a frivolous appeal

5

absent an appeal or an answer to an appeal. *See* La.Code Civ.P. arts. 2121 and 2133. Consequently, Ms. Bower's request is not properly before this court and will not be considered.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Defendant/Appellant, Marx Menard, is to bear all costs of this appeal.

**AFFIRMED.**