# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-732


**GRACE CLARK**

**VERSUS**

**JEFFREY RACCA**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,031, DIV. A
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.


**AFFIRMED.**

**Clay Williams**
**Williams & Nelson**
**202 W. North Street**
**P. O. Drawer 1810**
**Leesville, LA 71496**
**(337) 238-4704**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Grace Clark**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 E. Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Jeffrey Racca**

**SAVOIE, Judge.**

Plaintiff Grace Clark ("Clark") appeals the judgment rendered by the trial court in favor of Defendant Jeffrey Racca ("Racca"), finding that the Edward Jones account at issue in this litigation is the separate property of Racca and dismissing Clark's claims of co-ownership. For the following reasons, we affirm.

## STATEMENT OF THE CASE

Clark and Racca lived together from 1975 until their separation in 2012. During that time, they never married. They met while working at a dry cleaning business which Racca purchased in 1985 as his separate property. Clark continued to work for Racca, and she was paid a wage as an employee of the business. In 1995, Racca sold the dry cleaning business to Mr. Greer and his siblings. Clark continued to work there, and she is now married to Mr. Greer. When the relationship between Clark and Racca ended, Clark claimed co-ownership in certain assets held by Racca, which is the subject of this litigation.

Clark filed a Petition to Partition Property Owned in Indivision on September 14, 2012. The petition alleges co-ownership in four accounts: (1) Chase Bank Account No. 8506674895; (2) Edward Jones Account No. 162-09350-1-3; (3) City Savings Bank Account No. 12017235; and (4) Wells Fargo Account No. 6953-7221.[1] After a trial held on October 11, 2014, the trial court found that Racca was the sole owner of the accounts and dismissed Clark's claims of co-ownership. A Ruling of the Court with Written Reasons was issued on December 29, 2014, and judgment was signed on January 21, 2015.

## LAW

---

[1] The parties sometimes refer to the Wells Fargo Account as the Union Bank Account, and it is referenced in the December 29, 2014 Ruling of the Court with Written Reasons as the Union Bank Account.

The recent supreme court case of *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, (La. 12/8/15), ___So.3d___, 2015 WL 8225654, at *4 (citations omitted), sets forth the applicable standard of review as follows:

> In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. Rather in reversing a trial court's factual conclusions with regard to causation, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong.

## DISCUSSION

### I. Assignment of Error Number One

Clark first argues that the trial court erred in finding Racca overcame the presumption found in La.Civ.Code art. 797 and in finding Clark had no interest in the Edward Jones Account. Louisiana Civil Code Article 797 provides that "[o]wnership of the same thing by two or more persons is ownership in indivision. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed to be equal." The Article establishes a presumption "that a joint bank account is owned in equal shares by each depositor." *Sylvester v. Fontenot*, 10-1115, p. 10 (La.App. 3 Cir. 3/9/11), 58 So.3d 675, 682.

All of the accounts at issue were opened in both Clark's and Racca's names. The evidence presented at trial shows that the monies used to fund the accounts came from the dry cleaning business—Racca's separate property. On cross-examination, Clark admits that her paycheck was not deposited in the accounts. Further, Clark and Racca never filed a joint tax return. Racca always filed a

2

separate tax return which included the income generated by the dry cleaning business. While Clark argues that her "sweat equity" should be acknowledged and somehow factored into ownership of the funds, this is simply not the law.

Clark cites *Bower v. Menard*, 11-1005 (La.App. 3 Cir. 2/1/12), 84 So.3d 691, to support her contention that she should be made a co-owner in the accounts. In that case, the trial court found Ms. Bower was a co-owner of the six certificates of deposits at issue. The appellate court found that Mr. Menard offered no competent evidence to prove the funds were his alone. In affirming the lower court's ruling, the court found that the trial judge clearly determined Ms. Bower was a more credible witness. The court stated:

> When the findings are based on determinations regarding the credibility of witnesses, the manifest error–clearly wrong standard demands great deference to the findings of fact, for only the factfinder is cognizant of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Id.* at 694 (quoting *Sylvester*, 58 So.3d at 682).

We find *Bower* is applicable in that it is clear from the written reasons that the trial court found Racca more credible. The trial court stated "[t]here was no credible proof of any intent by Mr. Racca to give Ms. Clark an interest in the investment account." *Bower* is distinguishable, however, from the present case because we find Racca presented sufficient evidence to prove the funds belonged solely to him. The evidence supports the trial court's determination that Clark is not a co-owner of the accounts. This assignment of error has no merit.

*II. Assignment of Error Number Two*

Clark next argues in her brief to the court that the January 21, 2015 judgment is not final because the trial court only ruled on the ownership of the Edward Jones Account, and not on the other three accounts listed in her petition.

We disagree. Indeed, Clark testified that all of the accounts, except for the Edward Jones Account, were closed in May 2012. It is clear from the written reasons, the transcript of trial, and the exhibits that the monies held in the Chase Bank Account, City Savings Account and Wells Fargo Account were withdrawn from these accounts and used to fund the Edward Jones Account. As a result, we find only a determination regarding the ownership of the Edward Jones Account is necessary. This assignment of error lacks merit.

## DECREE

For the aforementioned reasons, we affirm the ruling of the trial court in favor of Jeffrey Racca and against Grace Clark, finding that the Edward D. Jones account is the separate property of Jeffrey Racca and dismissing the claims of Grace Clark. Costs of this appeal are assessed to Grace Clark.

**AFFIRMED.**